IToffheimer, J.;
ITosea, J., and Swing, J., concur.
Error to special term.
Defendant in error was plaintiff below. The action was for damages for injuries sustained by being thrown from a car while in the act of alighting. Verdict was for plaintiff below.
The traction company went to trial in ignorance of the fact, so it is claimed, that it had in its possession a list of witnesses to the accident. This list had been lost or misplaced. The case was tried practically without any witnesses for the defendant. A day or two after the trial the list of witnesses referred to was found by the traction company in a file of disposed of cases. A new trial was sought on various grounds, including the statutory ground of “accident” and “surprise,” under which head it was sought to bring the proposed testimony. The court below overruled the motion for a new trial and entered up judgment.
An examination of the' affidavits of the proposed witnesses shows that their statements, even if admitted, would simply be contradictory to plaintiff and her principal witness, both as to the manner in which the accident occurred and as to the injuries sustained,
Onlealt é Rickenloo-per and J. W. Heintzman, for plaintiff in error.
Thos. L. Midvie and B. F. Graziani, contra.
Examining the cases cited by plaintiff in error in support of its contention, it will be found that the respective courts were actuated in granting new trials because, with the admission of the proposed testimony, it would appear that plaintiff had no cause of action, or that the exclusion of the testimony was a miscarriage of justice, or that it appeared that the verdict was contrary to good conscience.
In Moore v. Coates, 35 Ohio St., 177, the court, after citing authorities as to the granting of a new trial for newly discovered evidence, say:
“These authorities show that motions for new trials, based on that ground, are not favored. * * * In Ludlow v. Park, 4 Ohio, 5, 44, it was said: ‘ In considering the motion, the court will not inquire whether, taking the newly discovered evidence in connection with that exhibited in the trial, the jury might be induced to give a different verdict, but whether the legitimate effect of such evidence would be to require a different verdict. ’ ’ ’
Construing the proposed testimony most liberally, while it might have induced a different verdict, we can not say that its-legitimate effect would have been to require a different verdict. Furthermore, the statutory ground of accident and surprise assumes necessarily that due diligence has been exercised, and we fail to see why with the same diligence that unearthed the list of witnesses a day or two after the rendition of an adverse verdict the list could not have been found in time for the trial.
We can not say on the facts before us-that the. court below abused the discretion with which it is vested when it overruled the motion for a new trial. As we find no error prejudicial to plaintiff in error, we are of opinion that the judgment below should be affirmed, and it is so ordered.